MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@hpl.law
ELODIE BARDON (SBN: 352856)
E-Mail: Elodie@hpl.law
**HANKIN PATENT LAW,**
A Professional Corporation
11414 Thurston Cir
Los Angeles, CA 90049
Tel: (310) 979-3600

Attorneys for PLAINTIFF,
**MMAS RESEARCH LLC**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMAS RESEARCH LLC, a Washington limited liability company, <br><br> Plaintiff <br><br> v. <br><br> Karolinska Institutet; New York University; University of Pennsylvania; DOES 1 through 10, inclusive, <br><br> Defendants. | CASE No. 2:25-cv-06309 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Breach of Contract <br> 2. 17 U.S.C. § 501 – Infringement of Copyright <br> 3. Misappropriation of Trade Secrets under the Defend Trade Secrets Act (DTSA) and State Law <br><br> **<u>DEMAND FOR JURY TRIAL</u>** |

**COMPLAINT FOR DAMAGES**

Plaintiff MMAS RESEARCH LLC ("MMAS Research," or "Plaintiff") for its claims for relief against Defendants Karolinska Institutet (Karonlinska), New York University (NYU), University of Pennsylvania (UPenn), and DOES 1 through 10, inclusive ("DOES") (collectively herein "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1.     This action arises, in part, under the 17 U.S.C. §501 – Infringement of Copyright including all sections created or amended by the Digital Millennium Copyright Act conferring federal question jurisdiction under 17 U.S.C. §101, and supplemental jurisdiction on Plaintiff's state law claims under 28 U.S.C. §1367.

2.     This action arises, in part, under the DTSA 18 U.S.C. §1836 including all sections created or amended by the Defend Trade Secrets Act, conferring federal question jurisdiction under U.S.C. §1836.

3.     Additionally, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000.00 and there is a complete diversity of citizenship between the Parties.

4.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because (a) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; (b) the unlawful acts of Defendants complained of herein have been committed within this District and have, had, or will have had effect in this District; (c) the written agreements identified and described more thoroughly below were entered into by the Parties in this District; and (d) the written agreements identified and described more thoroughly below, by their terms, stipulated to jurisdiction and venue in this District.

5.     Venue is also proper in this District pursuant to 28 U.S.C. §1391(c)(3) because one or more Defendants are amenable to personal jurisdiction in this District.

COMPLAINT FOR DAMAGES

## THE PARTIES

6.      Plaintiff, MMAS RESEARCH LLC (MMAS) is a Washington limited liability company in good standing.

7.      Plaintiff is the owner of the "MMAS RESEARCH WIDGET CODE" (the "Morisky Widget"), registered under United States Copyright Registration No. TX 8-816-517 (Registration date December 3, 2019) (the "Morisky Widget Copyright").

8.      On information and belief, Defendant Karolinska Institutet (Karonlinska) is located at Nobels väg 6, 171 77 Stockholm, Sweden.

9.      On information and belief, Defendant New York University (NYU) is located at 726 Broadway 3rd Floor, New York, NY 10003.

10.     On information and belief, Defendant University of Pennsylvania (UPenn) is located at 3451 Walnut Street, Philadelphia, PA 19104.

11.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive (the "Doe Defendants," and collectively with the above-named defendants, the "Defendants"), are other parties not yet identified are the subject of this lawsuit. The true names, whether corporate, individual, or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues defendants by such fictitious names, and will seek leave to further amend this complaint to show their true names and capacities when their identities have been determined.

12.     Plaintiff is informed, believes, and thereupon alleges that Doe Defendants were, and are, in some manner responsible for the actions, acts, and omissions alleged, and for the damage caused by Defendants and are, therefore, liable for the damage caused to Plaintiff.

13.     Plaintiff is informed, believes, and thereon alleges that Defendants did, at all material times, foresee the nature and extent of the probable consequences of their acts in proximately causing said damage to Plaintiff.

14.     Plaintiff is informed, believes, and thereon alleges that, at all relevant times, Defendants controlled and participated in the acts or conducted allegedly herein.

## FACTS RELEVANT TO ALL ALLEGATIONS

15. On February 26, 2017, the Karolinska Institutet and Plaintiff executed a perpetual Morisky Widget license.

16. On information and belief, Karolinska fully understood and agreed that the Morisky Widget software, the Morisky Medication Adherence Scale, (MMAS), MMAS-8, the MMAS-4, all MMAS translations are the exclusive property of Licensor and cannot be divulged or distributed without the written permission of the Licensor.

17. On information and belief, Karolinska fully understood and agreed that the Morisky Widget License is for Karolinska Institute and cannot be transferred outside of the licensed organization. Any individual of Karolinska Institute is licensed to use the Morisky Widget and can purchase pre-paid MMAS tests. Under no circumstances can this MMAS license or pre- paid tests be transferred to another organization or individual outside of Karolinska Institute.

18. On information and belief, Karolinska fully understood and agreed that the MMAS CODING & SCORING criteria are trade secrets of Licensor and as such can NEVER be divulged in any publication, presentation, or website without written permission from Licensor.

19. On information and belief, Karolinska fully understood and agreed that in case of scientific, administrative, or intellectual property misconduct in using the Morisky Widget, the MMAS-4 and MMAS-8, Licensor reserves the right to withdraw permission for use and to pursue all legal remedies.

20. On information and belief, Karolinska fully understood and agreed that Los Angeles County, California State, and United States Federal Courts have jurisdiction, authority, and is the proper venue for any breach of the license contract .

21. On information and belief, Theodoros Foukakis, an employee of Defendant Karolinska, was one of the co-authors of a March 2025 article on the PALLAS Study, entitled "Oral anticoagulant adherence and switching in patients with atrial fibrillation: A prospective observational study". The PALLAS study authors

wrote that the content in the article is solely the responsibility of the authors. https://www.sciencedirect.com/science/article/abs/pii/S1551741122001802?via%3Dihub

22.    On information and belief, Defendants Karolinska contrary to their Morisky Widget license, reported in the PALLAS STUDY article that they added an additional question to the MMAS-4 test, "All things considered, did you actually take your (Palbociclib/ Anti-hormone pill) exactly as directed by your doctor?" https://www.sciencedirect.com/science/article/abs/pii/S1551741122001802?via%3Dihub

23.    On information and belief, Defendants Karolinska, contrary to their Morisky Widget license, divulged and misappropriated trade secret MMAS-4 scoring and coding writing "summing the modified (MMAS-5) five questions to create a total Morisky composite score, ranging from 0 to 5, with a maximal score of 5 considered "most adherent."

24.    On information and belief, Defendants Karolinska breached their Morisky Widget license which stated coding and scoring criteria of the MMAS are trade secrets of the MMAS Research and as such can NEVER be divulged in any publication, presentation, or website without written permission from Licensor.

25.    On March 15, 2018, Defendant University of Pennsylvania signed a retroactive MMAS license with Plaintiff.

26.    On information and belief, in February, 2020, the University Office of Research published a letter on the Internet which stated, "The University of Pennsylvania Office of the General Counsel's current advice is not to sign any license, permission, or other document that MMAS Research, LLC, Dr. Morisky, or his associate Mr. Steven Trubow, might send to you in connection with the MMAS-4 or MMAS-8, and forward the document through the Research Inventory System to either the University's Office of Research Services (if your work is state- or federally- funded) or the Penn Center for Innovation (if your work is otherwise funded)."

COMPLAINT FOR DAMAGES

https://researchservices.upenn.edu/2020/02/24/consider-alternatives-to-the-morisky-medication-adherence-scale-mmas-4-and-mmas-8/

27. On information and belief, Defendant University of Pennsylvania agreed in their MMAS license that coding and scoring criteria of the MMAS are trade secrets and cannot be divulged in any publication or report without prior written permission.

28. On information and belief, Defendant University of Pennsylvania agreed in their MMAS license that in case of scientific, administrative or intellectual property misconduct in using the MORISKY SCALE system of questionnaires. Defendant University of Pennsylvania agreed to the jurisdiction in and venue of the State and Federal Courts in Los Angeles County.

29. On information and belief, Angela DeMichele, an employee of Defendant University of Pennsylvania was one of the co-authors of the PALLAS Study, entitled "Oral anticoagulant adherence and switching in patients with atrial fibrillation: A prospective observational study". The PALLAS study authors wrote that the content in the article is solely the responsibility of the authors.
https://www.sciencedirect.com/science/article/abs/pii/S1551741122001802?via%3Dihub.

30. On July 4, 2019, Pfizer Inc. (Pfizer) and Plaintiff executed a retroactive, corrective and perpetual worldwide Morisky Widget license.

31. On July 4, 2019, Plaintiff trained and certified five Pfizer clinicians on the trade secret MMAS scoring and coding criteria in Paris France. Tiffany Trunko a Pfizer intellectual property lawyer attended the training and certification over the internet.

32. Based on knowledge and belief, Pfizer agreed that coding and scoring criteria of any MMAS assessments are trade secrets of Plaintiff and as such may not be divulged in any publication, presentation, or website without written permission from Plaintiff. Pfizer agrees to treat the coding and scoring criteria as confidential trade secrets, as if such information were Pfizer's own confidential trade secrets. From the date of full execution of this Agreement forward, Pfizer's divulgence of Morisky

COMPLAINT FOR DAMAGES

Widget scoring and coding criteria is a breach of this license.

33. On information and belief, Ernest Law, an employee of Pfizer was one of the co-authors of the PALLAS Study.

34. On information and belief, Pfizer funded the PALLAS study.

35. On January 27, 2019, Defendant NYU and Plaintiff executed a retroactive, corrective and perpetual Morisky Widget license.

36. On October 19, 2018, March 3, 2019, and April 30, 2019, Defendant NYU was trained on the trade secret MMAS scoring and coding criteria by Plaintiff in NYC. One of the NYU employees that were trained and certified on the trade secret MMAS scoring and coding criteria was NYU intellectual property lawyer, Lee Taylor.

37. On information and belief, Defendant NYU agreed in their license, they must only administer MMAS tests with the Morisky Widget or through a Licensor approved third-party electronic questionnaire, via the but all MMAS tests must be scored and coded, without exception, through the Morisky Widget.

38. On information and belief, Defendant NYU acknowledged and agreed that Plaintiff's MMAS Coding and Scoring criteria are trade secrets of Plaintiff and, as such, New York University is forbidden from publicizing MMAS Coding and Scoring criteria in any form without expressed, written consent from Plaintiff. NYU further acknowledged and agreed to treat such information as confidential and not to disclose it to third parties.

39. On information and belief, NYU agreed that any disputes involving their Morisky Widget license must be construed, interpreted, applied, and governed in all respects in accordance with the laws of the United States of America and the State of California, without reference to conflict of laws principles. The Parties agree: (a) that all disputes and litigation regarding this Agreement, its construction and matters connected with its performance must be subject to the exclusive jurisdiction of the state and federal courts in the Central District of California (the "Court"), and (b) to submit any disputes, matters of interpretation, or enforcement actions arising with respect to

COMPLAINT FOR DAMAGES

the subject matter of this License Agreement exclusively to the Court.

40.    On information and belief, Yelena Novik, an employee of Defendant NYU was one of the co-authors of the PALLAS Study.

41.    On information and belief, Defendants Karolinska, New York University and the University of Pennsylvania contrary to their MMAS licenses, divulged and misappropriated trade secret MMAS-4 scoring and coding writing "summing the modified (MMAS-5) five questions to create a total Morisky composite score, ranging from 0 to 5, with a maximal score of 5 considered "most adherent."

42.    On information and belief, Defendants Karolinska, New York University and the University of Pennsylvania contrary to their MMAS licenses, modified MMAS-4 into a derivative MMAS-5, that radically changed the construct validity of the MMAS-4 scale, rendering any MMAS-5 results invalid.

43.    Based on knowledge belief, Defendants NYU, Karolinska, and the University of Pennsylvania administered, scored and coded 10,000  MMAS-5 tests, that were an invalid diagnostic assessment of medication taking behavior to over 5000 breast cancer patient undergoing chemotherapy.

44.    Based on knowledge belief, the PALLAS study observed 176 deaths among patients during the study period. There were 100 deaths (3.5%) in the group receiving palbociclib plus endocrine therapy and 76 deaths (2.6%) in the group receiving endocrine therapy alone.

45.    Based on knowledge belief, Defendants NYU, Karolinska, and the University of Pennsylvania had a professional duty to provide medical care that meets an established standard of care. This duty extends to performing accurate medication assessments necessary for the patient's care, especially when the patient is undergoing critical treatment like chemotherapy.

46.    Based on knowledge and belief, Defendants NYU, Karolinska, and the University of Pennsylvania breached their duty of care by administering MMAS-5, an invalid diagnostic assessment. A reasonably competent healthcare professional, using

accepted practices, would administer a valid assessment and correctly code the findings.

47. Based on knowledge and belief, Defendants NYU, Karolinska, and the University of Pennsylvania's use of MMAS-5 in the PALLAS study was medical negligence because the MMAS-5 assessment was a deviation from the acceptable standard of care.

48. Based on knowledge and belief, Defendants NYU, Karolinska, and the University of Pennsylvania's use of the MMAS-5 in the PALLAS study directly caused harm to the breast cancer patient receiving chemotherapy.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT
**(As to Defendants Karolinska Institute, New York University, University of Pennsylvania)**

49. MMAS Research realleges each allegation contained in the preceding paragraphs.

50. This claim for relief for breach of contract is established by the prima facie elements of (1) existence of a valid contractual obligation, (2) performance by the plaintiff, (3) breach by the defendant, and (4) resulting damages to plaintiff.

51. A valid contractual obligation was established by the execution of a perpetual Morisky Widget license agreement between Defendant Karolinska Institute and Plaintiff MMAS Research LLC which permitted use of the Morisky Widget MMAS assessments under specific conditions. These agreements constitute binding contracts under applicable law.

52. The plaintiff alleges Defendant Karolinska breached its Morisky Widget license by not scoring and coding all MMAS tests through Morisky Widget.

53. The plaintiff alleges Defendant Karolinska breached its Morisky Widget license by divulging trade secret MMAS CODING & SCORING criteria in the PALASS study article without the written permission from Plaintiff Defendant Karolinska Institute breached its Morisky Widget license by transferring its MMAS

license to organizations outside of Karolinska Institute.

54.     A valid contractual obligation was established by the execution of a perpetual Morisky Widget license agreement between Defendant New York University and Plaintiff MMAS Research LLC which permitted the use of the MMAS assessments under specific conditions. These agreements constitute binding contracts under applicable law

55.     A valid contractual obligation was established by the execution of a MMAS license agreement between Defendant the University of Pennsylvania and Plaintiff MMAS Research LLC which permitted the use of the MMAS assessments under specific conditions. These agreements constitute binding contracts under applicable law

56.     Plaintiff alleges that Defendant the University of Pennsylvania breached their MMAS license by publishing trade secret MMAS Coding and scoring criteria in the Pallas Study without the Plaintiff's permission.

### SECOND CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 101, *ET SEQ.*
### (As to Defendants Karolinska Institute, New York University, University of Pennsylvania)

57.     MMAS Research realleges each allegation contained in the preceding paragraphs.

58.     At all times relevant hereto, MMAS Research was the owner of all copyright rights or rights to assert copyright claims for the Morisky Widget.

59.     MMAS Research has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §§101, *et seq*., and all other laws governing copyright.

60.     By reason of the copyright infringements described below, Plaintiff is entitled to recover from Defendants statutory damages up to $150,000.00 per copyright infringed for Defendants' willful copyright infringement, plus attorneys' fees.

61.     Plaintiff alleges Defendants Karolinska Institute, New York University, and University of Pennsylvania willfully violated 17 U.S.C. §501, *et seq.*

62. MMAS Research is informed and believes and thereon alleges that the Defendants Karolinska Institute, New York University, and University of Pennsylvania without authorization, infringed the Morisky Widget copyright by exploiting the Morisky Widget MMAS-8 in the Pallas Study.

63. Plaintiff alleges Defendants Karolinska Institute, New York University, and University of Pennsylvania willfully committed no less than 10,000 infringements of the MMAS-4 copyright in the Pallas Study

64. By reason of the copyright infringements described above, Plaintiff is entitled to recover from Defendants statutory damages up to $150,000.00 per copyright infringed for Defendants' willful copyright infringement, plus attorneys' fees.

## THIRD CLAIM FOR RELIEF
## TRADE SECRET MISAPPROPRIATION, DTSA
**(As to Defendants Karolinska Institute, New York University, University of Pennsylvania)**

65. MMAS Research realleges each allegation contained in the preceding paragraphs.

66. Plaintiff MMAS Research possesses and vigorously asserts trade secret rights in the MMAS Research Widget Code, including its proprietary scoring and coding algorithms. These trade secrets are highly valuable intellectual property assets, representing years of research and development. They are not generally known to others in the industry and provide MMAS Research with a significant competitive advantage. MMAS Research has consistently implemented robust measures to maintain the secrecy of this information, including but not limited to strict confidentiality agreements, limited access protocols, and secure storage systems.

67. Under the Defend Trade Secrets Act 18 U.S.C. §1839(3) a trade secret consists of three elements: (1) information; (2) that is valuable because it is unknown to others; and (3) that the owner has attempted to keep it a secret.

68. The trade secrets include, but are not limited to, the specific scoring and coding algorithms and test/translation editor algorithms of the MMAS Widget Code

software designed to create MMAS condition and medication specific assessments in over 80 languages.

69.   Plaintiff alleges Defendants Karolinska Institute, New York University, and University of Pennsylvania were trained and certified on the use of copyrighted trade secret MMAS-4 scoring and coding criteria. MMAS Research does not permit licensees to disclose MMAS, scoring and coding, let alone the modification of the trade secret MMAS scoring and coding criteria. Yet, Defendants misappropriated trade secret MMAS-4 specific scoring and coding and shared it with third parties.

70.   Under the Defend Trade Secrets Act, a plaintiff must prove: (1) that the plaintiff possessed a trade secret; (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff. *Inteliclear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653 (9th Cir. 2020).

71.   In their Morisky Widget Licenses, Defendants Karolinska Institute, New York University, and University of Pennsylvania agreed not to use the MMAS tests for any unauthorized use.

72.   Defendants Karolinska Institute, New York University, and University of Pennsylvania misappropriated Plaintiff's confidential, proprietary, and trade secret MMAS-4 scoring and coding criteria.

73.   This misappropriation of MMAS Research's confidential, proprietary, and trade secret information was intentional, knowing, willful, and malicious.

74.   As the direct and proximate result of Defendants' misconduct, MMAS Research has suffered and, if Defendants' conduct is not stopped, will continue to suffer severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial. Because MMAS Research's remedy at law is inadequate, MMAS Research seeks, in addition to damages, temporary, preliminary, and permanent injunctive relief to recover and protect their confidential, proprietary, and trade secret information and to protect other legitimate business interests.

75.   Plaintiff MMAS Research has been damaged by the foregoing and is

**COMPLAINT FOR DAMAGES**

entitled to an award of exemplary damages and attorney's fees.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court Enters Judgment in Plaintiff's favor and against Defendants as follows:

A.      For actual damages in an amount according to proof at trial, and for any additional profits attributable to infringements of Plaintiff MMAS Research's Copyright in the Morisky Widget, in accordance with proof at trial;

B.      For statutory damages for copyright infringement and/or willful copyright infringement by Defendants;

C.      For issuance of preliminary and permanent injunctive relief against Defendants, and each of them, and their respective officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, enjoining and restraining them from: using the Widget Tests or the Morisky Widget copyrighted work until a license is obtained, including the maintenance on websites, posted on the Internet, or in any publication, articles, and reports described herein, or any such articles, publication, and reports in the future that use or reference the Widget Tests, MMAS-8, or the Morisky Widget;

D.      Order that Defendants file with this Court and serve upon Plaintiffs within thirty (30) days after service on Defendants of an injunction in this action, a report by Defendants, under oath, setting forth that Defendants have complied with the injunction, as well as the steps they have taken to comply;

E.      For costs of suit incurred;

F.      For attorneys' fees;

G.      For prejudgment interest in the amount of ten percent (10%) per annum or the maximum amount allowed by law; and

H.      For such other and further relief, the Court deems just and proper.

**COMPLAINT FOR DAMAGES**

Dated: July 10, 2025

Respectfully submitted,

**HANKIN PATENT LAW, APC**
/*Marc E. Hankin*/
Marc E. Hankin, Esq.
Attorneys for Plaintiff,
MMAS RESEARCH LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated: July 10, 2025

Respectfully submitted,

**HANKIN PATENT LAW, APC**
/*Marc E. Hankin*/
Marc E. Hankin, Esq.
Attorneys for Plaintiff,
MMAS RESEARCH LLC

**COMPLAINT FOR DAMAGES**